UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-43-KSF

JERRY D. THROCKMORTON                                                                 PLAINTIFF

v.                                        **OPINION & ORDER**

BP AMERICA, INC.                                                       DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #5] of the defendant, BP America, Inc., to dismiss the complaint filed by the plaintiff, Jerry D. Throckmorton, *pro se*, on the grounds, *inter alia*, that Throckmorton's claims are barred by the doctrine of *res judicata.* Also before the Court are various motions filed by Throckmorton. For the reasons set forth below, BP America's motion to dismiss will be granted.

I.       FACTUAL AND PROCEDURAL BACKGROUND

This is the second lawsuit that Throckmorton has filed against BP America based on the same facts. In the first lawsuit, *Throckmorton v. BP America*, Lexington Civil Action No. 11-159-KKC (filed May 13, 2011), Throckmorton alleged that BP America failed to pay him for the well cap design he allegedly submitted and that was allegedly used in the Gulf of Mexico oil spill response. He further asserted that BP America stated in writing on July 6, 2010 that it had used the design and agreed to pay three million dollars for it. Throckmorton alleged that by not paying him, BP America "committed theft, fraud and malice." Finally, Throckmorton alleged that BP America "filed a patent on said design, which is the Plaintiff's property."

1

BP America moved to dismiss Throckmorton's complaint for failure to state a claim upon which relief could be granted. In response, Throckmorton argued, implausibly, that a contract for $3 million existed, contending that BP America representatives Tony Hayward and Ross Bentahenne orally agreed to the contract terms by phone. He also made separate requests for $50 billion representing the "fair market value of the well-cap," plus an additional $50 billion in punitive damages.

This Court dismissed Throckmorton's first Complaint with prejudice, determining that he failed to (a) plausibly set forth contract offer or acceptance; (b) plead a sufficient basis for fraud; or (c) plead a sufficient basis for punitive damages. Lexington Civil Action No. 11-cv-159, DE # 40. Throckmorton appealed to the United States Court of Appeals for the Sixth Circuit. On appeal, Throckmorton argued that the district court erred in failing to consider his suit as a claim of plagiarism of his schematic design and that the district court's dismissal was based on the district court judge's ties to the oil industry through financial investment. The Sixth Circuit affirmed the dismissal, holding that Throckmorton had improperly raised his plagiarism claim for the first time on appeal and waived his objections to the grounds for dismissals of his claims by not challenging them. *Throckmorton v. BP America*, Sixth Circuit No. 12-5434 (May 10, 2012).

Throckmorton then filed the present suit. His complaint, filed in Fleming Circuit Court on December 26, 2012 and later removed to this court on February 14, 2013, is based on the same facts and events as his first lawsuit [DE #1]. He seeks the same $50,003,000,000 in actual damages and $50 billion in punitive damages that he sought in the first lawsuit.

BP America has filed its motion to dismiss, arguing that Throckmorton's claims are barred by *res judicata* [DE #5]. Throckmorton has filed a "Motion for Default Judgment" [DE #1-1], a

2

"Motion to Vacate Pleadings on Removal from Civil Court" [DE #6], a "Motion to Vacate Dismissal and Continue Case" [DE #7], and a Motion for Default Judgment and to Accept New Evidence [DE #9].

## II. ANALYSIS

### A. BP AMERICA'S REMOVAL WAS PROPER

On February 14, 2012, BP America removed Throckmorton's Complaint from Fleming Circuit Court on the basis of diversity of citizenship pursuant to 28 U.S.C. § 1332 and § 1441(a) [DE #1]. In his motions challenging this removal, Throckmorton argues that removal should have been based on federal subject matter jurisdiction due to the fact that his claims are based on federal copyright law, citing 28 U.S.C. § 1338 [DE #6, DE #9]. Throckmorton does not seek remand; he merely requests validation of his preferred grounds for federal jurisdiction.

Nevertheless, BP America's removal of this case was proper. The Complaint states that Throckmorton is a citizen of Kentucky and BP America is a citizen of Texas. The amount in controversy - $100,003,000,000 - exceeds $75,000, the jurisdictional threshold contained in 28 U.S.C. § 1332(a). These facts alone are enough to justify removal under 28 U.S.C. § 1332. Additionally, as Throckmorton concedes, this Court also has federal subject matter jurisdiction of his claims, regardless of the diversity of the parties or the amount in controversy, based on his federal claims.

Even if Throckmorton were to seek a remand, he is too late. Under 28 U.S.C. § 1447, "a motion to remand the case on the basis of any defect other than subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Inasmuch as the Notice of Removal was filed on February 14, 2013, the time for Throckmorton to request any

3

remand has expired. Accordingly, the Court finds removal was proper in this matter. Throckmorton's motions requesting the Court to vacate the removal will be denied.

### B. BP AMERICA IS NOT IN DEFAULT

Throckmorton also seeks default judgment against BP America for failing to plead or otherwise defend his Complaint filed on December 26, 2012. Throckmorton's motion will be denied. As explained by BP America, service of the Complaint was complete on January 17, 2013, the date the Secretary of State made a return to the Court showing that the acts contemplated by the service statute have been performed. *See* KRS 454.210. The federal removal statute, 28 U.S.C. § 1446(b)(1), allows thirty days in which to remove a case to federal court. BP America removed this action to this Court on February 14, 2013, within the thirty day deadline. Once the case was removed to this Court, Rule 81(c)(2) of the Federal Rules of Civil Procedure applies. This rule provides, in relevant part, as follows:

> After removal, repleading is unnecessary unless the court orders it. A defendant who did not answer before removal must answer or present other defenses or objections under these rules within the longest of these periods:
> (A) 21 days after receiving - through service or otherwise - a copy of the initial pleading stating the claim for relief;
> (B) 21 days after being served with the summons for an initial pleading on file at the time of service; or
> (C) 7 days after the notice of removal is filed.

Fed.R.Civ.P. 81(c)(2). Here, BP America filed it motion to dismiss [DE #5] on February 21, 2013, seven days after the notice of removal was filed. Accordingly, BP America is not in default, and Throckmorton's motions for default judgment for failure to timely plead will be denied.

4

### C.   BP AMERICA'S MOTION TO DISMISS

BP America argues that Throckmorton's complaint should be dismissed because his claims are barred by *res judicata*. "Under *res judicata*, a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). Federal *res judicata* principles apply in successive federal court actions. *J.Z.G. Resources, Inc. v. Shelby Ins. Co.*, 84 F.3d 211, 214 (6th Cir. 1996). There are four elements to *res judicata*: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; and (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 462 F.3d 521, 528 (6th Cir. 2006).

All four elements are present here. First, the district court in the prior action reached a final decision on the merits, finding Throckmorton's claims "implausible" and dismissing them with prejudice. *See* Lexington Civil Action No. 11-cv-159-KKC, DE #40. Second, the prior action was between the same parties. *Id*. Third, all issues raised in this case were or could have raised in the first lawsuit because all events giving rise to Throckmorton's claims occurred prior to the filing of his first complaint and pertain to the same alleged theft by BP America of his "schematical design" and alleged improper patenting of the design. Consequently, these claims, to the extent they differ at all from those in his first complaint, should have been brought in the first lawsuit. *See Wilkins v. Jakeway*, 183 F.3d 528, 532 n. 4 (6th Cir. 1999). Finally, there is an identity of the causes of action. This occurs when there is "an identity of the facts and events creating the right of action and of the evidence necessary to sustain each action." *Dover v. United States*, 367 Fed. Appx. 651, 654 (6th Cir. 2010). The claims asserted by Throckmorton in this action stem from the same core facts and

events on which his first lawsuit was based. Changing the label of the asserted legal theory from "theft, fraud and malice" to "plag[i]arism" and "fraud" does not change this result. *See Dover*, 367 Fed. Appx. at 654. Because all four elements of *res judicata* are met, Throckmorton is barred from proceeding in this action. Accordingly, BP America's motion to dismiss will be granted.

### III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** as follows:

(1) Throckmorton's motion for default judgment [DE #1-1] is **DENIED**;

(2) Throckmorton's motion for default [DE #4] is **DENIED**;

(3) Throckmorton's motion to vacate pleadings [DE #6] is **DENIED**;

(4) Throckmorton's motion to vacate [DE #7] is **DENIED**;

(5) Throckmorton's motion for default judgment [DE #9] is **DENIED**; and

(6) BP America's motion for dismiss [DE #5] is **GRANTED**, and this matter is **DISMISSED WITH PREJUDICE** and **STRICKEN** from the active docket.

This March 20, 2013.



Signed By:
*Karl S. Forester* KSF
United States Senior Judge