Eastern District of Kentucky
**F I L E D**

JUN 0 5 2013

AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 13-43-KSF

JERRY D. THROCKMORTON                                                                         PLAINTIFF

v.                                            **OPINION & ORDER**

BP AMERICA, INC.                                                                              DEFENDANT

\* \* \* \* \* \* \* \* \* \*

This matter is before the Court upon the motion [DE #15] of the plaintiff, Jerry D. Throckmorton, *pro se*, for new trial and relief of judgment. This motion is fully briefed and is ripe for review. For the reasons set forth below, this motion will be dismissed.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

This is the second lawsuit that Throckmorton has filed against the defendant, BP America, Inc., based on the same facts. In the first lawsuit, *Throckmorton v. BP America*, Lexington Civil Action No. 11-159-KKC (filed May 13, 2011), Throckmorton alleged that BP America failed to pay him for the well cap design he allegedly submitted and that was allegedly used in the Gulf of Mexico oil spill response. He further asserted that BP America stated in writing on July 6, 2010 that it had used the design and agreed to pay three million dollars for it. Throckmorton alleged that by not paying him, BP America "committed theft, fraud and malice." Finally, Throckmorton alleged that BP America "filed a patent on said design, which is the Plaintiff's property."

BP America moved to dismiss Throckmorton's complaint for failure to state a claim upon which relief could be granted. In response, Throckmorton argued, implausibly, that a contract for $3 million existed, contending that BP America representatives Tony Hayward and Ross Bentahenne

orally agreed to the contract terms by phone. He also made separate requests for $50 billion representing the "fair market value of the well-cap," plus an additional $50 billion in punitive damages.

This Court dismissed Throckmorton's first Complaint with prejudice, determining that he failed to (a) plausibly set forth contract offer or acceptance; (b) plead a sufficient basis for fraud; or (c) plead a sufficient basis for punitive damages. Lexington Civil Action No. 11-cv-159, DE # 40. Throckmorton appealed to the United States Court of Appeals for the Sixth Circuit. On appeal, Throckmorton argued that the district court erred in failing to consider his suit as a claim of plagiarism of his schematic design and that the district court's dismissal was based on the district court judge's ties to the oil industry through financial investment. The Sixth Circuit affirmed the dismissal, holding that Throckmorton had improperly raised his plagiarism claim for the first time on appeal and waived his objections to the grounds for dismissals of his claims by not challenging them. *Throckmorton v. BP America*, Sixth Circuit No. 12-5434 (May 10, 2012).

Throckmorton then filed the present suit. His complaint, filed in Fleming Circuit Court on December 26, 2012 and later removed to this court on February 14, 2013, is based on the same facts and events as his first lawsuit [DE #1]. He seeks the same $50,003,000,000 in actual damages and $50 billion in punitive damages that he sought in the first lawsuit.

BP America filed its motion to dismiss, arguing that Throckmorton's claims were barred by *res judicata* [DE #5]. In response, Throckmorton filed a "Motion for Default Judgment" [DE #1-1], a "Motion to Vacate Pleadings on Removal from Civil Court" [DE #6], a "Motion to Vacate Dismissal and Continue Case" [DE #7], and a Motion for Default Judgment and to Accept New Evidence [DE #9]. Upon review, the Court determined that Throckmorton's motions were without

merit and they were denied by Opinion & Order of March 20, 2013 [DE #11]. The Court, however, granted BP America's motion to dismiss on the grounds that Throckmorton's claims were barred by *res judicata*.

Throckmorton has filed the instant motion seeking a new trial and relief of judgment based on a one-page, unsigned March 7, 2011 letter, never before mentioned, in which BP America's former CEO, Tony Hayward, purports to offer Throckmorton over $7 billion for his design. BP objects to Throckmorton's motion on the grounds that Throckmorton's new evidence is "implausible" and "appears to be fabricated."

## II. ANALYSIS

To the extent that Throckmorton requests a new trial, his motion will be denied on the simple grounds that there has never been a trial in this matter. This matter was dismissed based on *res judicata*. The new evidence which Throckmorton seeks to introduce - even if the Court were to find it plausible - does not change the fact his claims are barred by *res judicata*. The purported letter from Hayward relates to the same core facts and events upon which Throckmorton's first lawsuit was based. Accordingly, Throckmorton's motion will be denied.

## III. CONCLUSION

For the reasons set forth above, the Court, being fully and sufficiently advised, hereby **ORDERS** that Throckmorton's motion for a new trial and for relief of judgment [DE #15] is **DENIED**.

This June 5, 2013.

*Joseph M. Hood for*
Karl S. Forester, Senior Judge